**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID JIMENEZ,

    Plaintiff,

v.

                                   CASE NO. 8:20-cv-2328-T-02CPT

STATE OF FLORIDA,

    Defendant.
_____/

**O R D E R**

Mr. Jimenez, a Florida inmate, initiated this action *pro se* by filing a civil rights complaint (Doc. 1). His failure to pay the filing fee is construed as a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]

Section 1915(g) provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Jimenez's prior cases, dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include *Jimenez v. Bernie McCabe*, 8:11-cv-1749-

---

[1] Although in his complaint Mr. Jimenez appears to indicate that the Department of Corrections may be forwarding the $400.00 filing fee for this case (see Doc. 1-1, p.1), the fee was due at the time the complaint was filed. Moreover, because it has been more than 30 days since the complaint was filed, it is subject to dismissal for failure to pay the filing fee. See Local Rule 1.03(e) (M.D.Fla.) ("The Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or the application is not filed within 30 days of the commencement of the action.").

T- 23AEP; *Jimenez v. Bernie McCabe*, 8:13-cv-439-T-23AEP; and *Jimenez v. Bob Dillinger*, 8:13-cv-605-T-17AEP. Because he has had at least three prior dismissals that qualify under Section 1915(g) and because he is not under imminent danger of serious physical injury, Mr. Jimenez is not entitled to proceed *in forma pauperis*. This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Mr. Jimenez may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

Accordingly, the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint, in a new case, with a new case number, upon the payment of the filing fee. The **CLERK** is directed to **TERMINATE** any pending motions and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 20, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: David Jimenez, *pro se*